UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Click here to enter text.XIAOMING WANG (A# 226-143-284)

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER

Respondent.

No.  1:26-CV-03460-DC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding pro se with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).[1]

The undisputed record in this case demonstrates that ICE released Petitioner premised upon either an explicit or implicit finding that he was not dangerous or a flight risk.  While on release, Petitioner did not commit any crimes and materially complied with conditions of release. Petitioner is not subject to a final order of removal, as he has appealed the Immigration Court's

---

[1]  The undersigned acknowledges Respondent's notice of related case, Wang v. Noel et al, 1:26-cv-01227-DC-AC (E.D. Cal.) (Wang I), but notes that the Court dismissed Wang I pursuant to a notice of voluntary dismissal on May 1, 2026.

1

order or removal.  ECF No. 14.  Considering all of these factors, and consistent with the court's rulings in Singh v. Chestnut, No. 1:26-cv-01400-DC-CSK (HC), 2026 WL 498335 (E.D. Cal. Feb. 23, 2026); Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025);  Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025); D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026); and Altin v. Chestnut, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026), the undersigned finds that re-detention without a pre-deprivation hearing violates Petitioner's right to procedural due process.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's **application for a writ of habeas** corpus be **GRANTED** on count 2.[2]

2. The Court order that Respondent immediately release Petitioner and that if the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered.

3. Petitioner's **motion to temporary restraining order** be **DENIED** as **MOOT**.

4. Respondent's **motion to dismiss** be **DENIED**.

5. The Clerk is directed to **serve California City Correctional Center** with a copy of this Order.

6. Any order not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties

---

[2]  In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

2

have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 11, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3